IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ORLANDO MATTHEWS,                )
                                 )
    Plaintiffs,               )
                                 )
vs.                              )    No. 13-2703-JDT-tmp
                                 )
CITY OF COLLIERVILLE, et al.,    )
                                 )
    Defendants.               )

---

**REPORT AND RECOMMENDATION**

---

On September 9, 2013, plaintiff Orlando Matthews, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against the City of Collierville, Amy Dabaldo, K. Jenkins, "Lieutenant John Doe," Judge William Craig Hall, Lifetime Fitness, Inc., Bahram Akradi, Patti O'Neal, Ryan Brister, a "John Doe Member of Lifetime Fitness," Nina Winfield, John Robinson, the Blount Law Firm, PLLC, and James E. Blount, IV.[1] At the same time, Matthews filed a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). In an order issued on September 10, 2013, the court granted

---

[1] The plaintiff has named as defendants a John Doe lieutenant and a John Doe member of Lifetime Fitness. Service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitations against those parties. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is recommended that the complaint be dismissed against the John Doe defendants.

Matthews leave to proceed *in forma pauperis*. (ECF No. 3). This matter is before the court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion thereof, should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, it is recommended that the complaint be dismissed.

## I. PROPOSED FINDINGS OF FACTS

The following allegations are set forth in Matthews's *pro se* complaint. On September 11, 2012, at approximately 5:30 p.m., Matthews entered the Lifetime Fitness Center located at 3470 Houston Levee Road in Collierville, Tennessee. While Matthews was inside, an unidentified member of the fitness club approached the front desk and told the receptionist, Patty O'Neal, that someone had left a dog inside the cab of a truck with the windows "cracked" (i.e. rolled down). At some point, police officers with the Collierville Police Department ("Collierville Police") were called to the scene. At approximately 6:30 p.m., as Matthews was leaving the club, he was informed by O'Neal that two police officers needed to speak with him about a dog that was left unattended in his truck. Matthews met Officers Amy Dabaldo and K. Jenkins at his truck in the club's parking lot. The officers told Matthews that he left a dog unattended in the truck with the windows slightly cracked. Matthew disagreed with the officers' assessment

concerning the windows and stated that the "windows of [my] truck [are] down far enough to provide sufficient air for the dog to breathe in comfort." Matthews also pointed out that the dog had water and food sitting on the floorboard of the truck. After the arrival of an unidentified lieutenant, the officers conferred with each other and then cited Matthews for animal cruelty.

The following day, September 12, 2012, the Commercial Appeal, a newspaper in Memphis, Tennessee, ran a story regarding the Collierville Police's citation of Matthews for animal cruelty. Also on September 12, the manager of an animal shelter, John Robinson, contacted Matthews and told him that his dog was available for pickup and that the charge for the dog's housing would by sixty dollars. When Matthews went to pick up his dog, he asked Robinson if there were any signs of abuse, to which Robinson responded, "No." Robinson further stated that the officers told him that the dog had been abused and that was the reason the dog was brought to the shelter.

Matthews retained defense counsel, James Blount IV of the Blount Law Firm, PLLC, to defend him on the charge of animal cruelty in Collierville Municipal Court. Matthews alleges that, at a court hearing, Blount refused to request a preliminary hearing even though Matthews had asked him to request a hearing. Subsequently, Matthews made the request himself and the judge, the Honorable William Craig Hall, refused to grant the hearing. Judge Hall informed Matthews that, should he not enter a plea that day,

his case would be bound over to the grand jury. Blount advised Matthews to enter a guilty plea and pay the fine associated with the charge, but Matthews refused.

In his complaint, Matthews alleges violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, as well as violations of the Tennessee's Government Tort Liability Act.

## II. PROPOSED CONCLUSIONS OF LAW

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action –

  (i)   is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th

Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim on which relief may be granted." Id. (citing Neitzke, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

Id. at 471 (citations and internal quotation marks omitted).

"*Pro se* complainants are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating that "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 541 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**A. Section 1983**

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & co., 398 U.S. 144, 150 (1970).

**1. *Lifetime Fitness Defendants***

With regard to defendants Lifetime Fitness, Inc., Bahram Akradi (its CEO), Patti O'Neal (a receptionist), and Ryan Brister (an employee), Matthews's § 1983 claim must fail because they did not act under color of state law. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). Because Lifetime Fitness, its CEO, and its employees are private parties, it is recommended that the § 1983 claim against these defendants be dismissed.

---

[2]Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

**2.   *James E. Blount & Blount Law Firm***

Likewise, Matthews's allegations against the Blount Law Firm, PLLC, and James E. Blount, IV, a private attorney, fail under § 1983.  Generally, "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under the color of state law within the meaning of § 1983."  Davis v. Sears Dep't Store, 1:13-CV-00821, 2013 WL 4593640, at *5 (N.D. Ohio 2013) (citing Otworth v. Vanderploeg, 61 F. App'x 163, 165 (6th Cir. 2003)) (alterations in original).  Matthews's allegations against Blount and the Blount Law Firm, PLLC, are limited to his conduct as defense counsel during Matthews's criminal case.  Blount's conduct, in this regard, does not qualify him as a state actor for purposes of § 1983.  Therefore, it is recommended that the § 1983 claim be dismissed against Blount and his law firm.

**3.   *Judge William Craig Hall***

Matthews's allegations against the Honorable William Craig Hall are also based exclusively on his participation as the presiding judge during Matthews's preliminary hearing.  Judicial officers are "absolutely immune from damages for claims arising from actions they performed *while presiding over a case*."  Davis, 2013 WL 4593640, at *3 (citing Mireles v. Waco, 502 U.S. 9, 9 (1991)) (emphasis added).  "Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment is not impaired by the exposure to damages by

-8-

dissatisfied litigants." Davis, 2013 WL 4593640, at *3 (citing Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir.1997)).

Because of these compelling public interests, a plaintiff may only overcome absolute judicial immunity in two ways: "(1) when the conduct alleged is performed at a time when the defendant is not acting as a judge, or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides." Davis, 2013 WL 4593640, at *3 (citing Mireles, 502 U.S. at 11-12). Even if a judge performed her action in error, maliciously, or in excess of her authority, her immunity will not be impugned. Davis, 2013 WL 4593640, at *3. Judge Hall's alleged actions during Matthews's preliminary hearing do not fit into either exception to the absolute immunity afforded judicial officers. It is recommended that Matthews's allegations against Judge Hall be dismissed.

### 4. *Animal Shelter*

Matthews's allegations against Nina Winfield and John Robinson, in their capacities as animal shelter director and manager, respectively, also fail to state a claim. A municipal entity, such as an animal shelter, may be subject to liability for constitutional violations by its employee(s) "only if the misconduct arose out of some municipal policy or practice." Mostek v. Genesee Cnty. Animal Control, 11-13166, 2012 WL 683430, at *3

(E.D. Mich. 2012) (citing Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 691–92 (1978)). In order to properly allege liability, "[t]he plaintiff must identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." Mostek, 2012 WL 683430, at *3 (citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993) (alterations in original) (internal quotation marks omitted). Matthews has failed to allege a specific municipal policy, custom, or practice which lead to the shelter's alleged violation of his constitutional rights. His only reference to the animal shelter in the complaint is an interaction with Robinson that took place when he picked up his dog the day after receiving the citation. (ECF No. 1, at 7). This is insufficient to state a claim under § 1983 against the animal shelter or its employees. It is recommended that this claim be dismissed against Winfield and Robinson.

5. *City of Collierville and Officers Dabaldo and Jenkins In Their Official Capacities*

Matthews has failed to state a claim under § 1983 against the City of Collierville and Officers Dabaldo and Jenkins in their official capacities.[3] Government entities are only liable under §

---

[3] It is well-established that a suit against a person in his official capacity is construed as a suit against the governmental entity which he represents. See Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) ("While '[p]ersonal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent")

1983 when "the execution of a government policy or custom . . . inflicts the injury."  Rhodes v. City of Chattanooga, Tennessee, No. 1:04-CV-045, 2005 WL 2647921, at *5 (E.D. Tenn. 2005).  A complainant must show that the city "through its deliberate conduct, was the moving force behind the alleged deprivation of . . . rights secured under the United States Constitution."  Id. (quoting Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 387, 403 (1997)) (internal quotation marks omitted).  A complainant must also show that his injuries resulted directly from a city's policy or custom.  Rhodes, 2005 WL 2647921, at *5.  As the Sixth Circuit has recently explained:

> The Supreme Court has approved municipal liability based on § 1983 when "the [municipal] action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where such actions emanate from informal governmental custom. In other words, the constitutional violation must have sprung from "official policy" in one form or another. As such, local government units cannot be held liable mechanically for their employees' actions under a respondeat superior theory.  The plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."  He "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."

Alman v. Reed, 703 F.3d 887, 902-03 (6th Cir. 2013) (internal citations omitted); see also Garner v. Memphis Police Dep't, 8 F.3d

---

(quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)).  Thus, Matthews's official capacity claims against defendants Dabaldo and Jenkins are construed against the City of Collierville.

-11-

358, 364 (6th Cir. 1993) ("[T]o satisfy the Monell requirements, a plaintiff must identify the policy, connect the policy to the [government entity] itself and show that the particular injury was incurred because of the execution of that policy").

Matthews has not pleaded facts sufficient to show that the City of Collierville has a custom or policy that was the moving force behind the officer's actions concerning his alleged constitutional violations. In his allegations against the City of Collierville, Matthews makes reference to the "deliberate indifference" of the city in regards to its hiring, training, and supervision of Collierville police officers. Government entities may be held liable under § 1983 for failure to properly train and supervise its employees, but only if this failure evinces a "deliberate indifference by the [c]ity to the rights of its inhabitants . . . ." Rhodes, 2005 WL 2647921, at *6 (citing City of Canton v. Harris, 489 U.S. 378. 389 (1989)). Deliberate indifference is a stringent standard of fault that is not met merely by showing simple or even gross negligence. See Brown, 520 U.S. at 407, 410 (holding that the deliberate indifference standard cannot be met by a mere showing of simple or even heightened negligence). A complainant may successfully show that a policy of deliberate indifference exists if a governmental entity fails to investigate incidents involving violations of constitutional rights and subsequently fails or refuses to discipline the responsible

parties. Rhodes, 2005 WL 2647921, at *7. As the Supreme Court recently explained, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). Outside of the general references to the City of Collierville's "deliberate indifference," Matthews has failed to allege any facts to plausibly show deliberate indifference on the part of the City of Collierville with respect to its hiring, training, or supervision of their police officers. Therefore, it is recommended that the § 1983 claims against the city and the officers in their official capacities be dismissed. See Wilson v. Trumbull Cnty. Dep't of Job and Family Servs., No. 4:12 CV 02163, 2013 WL 5820276, at *9. (N.D. Ohio Oct. 29, 2013) ("While Plaintiffs do recite the phrase 'custom and practice' in the Complaint, such bare legal conclusions are not enough to survive a motion to dismiss under Rule 12(b)(6).").

### 6. *Officers Dabaldo and Jenkins In Their Individual Capacities*

Matthews's claims against officers Debaldo and Jenkins in their individual capacity also fail because they are entitled to qualified immunity. While qualified immunity is an affirmative defense generally used to protect government officials from liability for civil damages, see Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), a court is not deprived from considering the defense while screening a *pro se* complaint. See 28 U.S.C. § 1915

(e)(2)(B)(iii); see also Becton v. United States, No. 12-3009-JDT-dkv, 2013 WL 3974577, at *6 (W.D. Tenn. Aug. 2, 2013) (finding that qualified immunity barred Bivens claims against federal prosecutor while performing screening of *pro se* complaint under 28 U.S.C. § 1915 (e)(2)); O'Neill v. Bannister, No. 3:12-cv-00030-LRH (WGC), 2012 WL 6968937, at *9 (D. Nev. 2012) ("Qualified immunity may be resolved by way of a motion to dismiss . . . In addition, the court is authorized to dismiss *sua sponte* an action that seeks monetary relief against a defendant who is immune from such relief"). In order to determine the applicability of qualified immunity to any given case, courts must apply a two-step analysis: "(1) whether, considering the allegations in light most favorable to the party injured, a constitutional right has been clearly violated, and (2) whether that right was clearly established." Estate of Carter v. City of Detroit, 408 F.3d 305, 311 (6th Cir. 2005) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Livermore v. Lubelan, 476 F.3d 397, 404 (6th Cir.2007) (quoting Brosseau v. Haugen, 543 U.S. 194, 198–99 (2004)). Mathews alleges that he left his dog in his vehicle unattended, with the windows cracked, during a late summer afternoon. (ECF No. 1, at 6). Because these facts could lead a reasonable officer to believe Matthews committed

-14-

animal abuse, the officers are entitled to qualified immunity. See Rodriquez v. City of Cleveland, 439 F. App'x 433, 447-49 (6th Cir. 2011) (holding that officers were entitled to qualified immunity after seizing plaintiff's tow trucks pursuant to city ordinance "because there was a reasonable basis to believe that they had the authority to impound [plaintiff's] tow trucks for violations of local licensing laws"). It is recommended that the § 1983 claims against the officers in their individual capacities be dismissed.

**B.   State Law Claims**

Matthews also asserts state law claims under Tennessee's Governmental Tort Liability Act. The court has determined that every federal claim asserted by Matthews should be dismissed for failure to state a claim or based on immunity. Without a basis for federal jurisdiction, the court should decline to exercise supplemental jurisdiction over any state law claims.[4] See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .

---

[4]This court lacks diversity jurisdiction over the remaining state law claims. According to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citations omitted). Complete diversity does not exist in this case, as Matthews and several of the defendants are citizens of Tennessee.

. the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, it is recommended that the remaining state law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3).  See <u>Walker v. J P Morgan Chase Bank, N.A.</u>, No. 13-2100-JDT-dkv, 2013 WL 2151713, at *11 (W.D. Tenn. May 16, 2013).

### III. RECOMMENDATION

For the above reasons, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) and (iii).  As for the remaining state law claims, it is recommended that the court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 and dismiss those claims without prejudice.

Respectfully submitted,

<u>s/ Tu M. Pham</u>
TU M. PHAM
United States Magistrate Judge

<u>November 18, 2013</u>
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  FED. R. CIV. P. 72(b)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**